I concur in the judgment of the majority. This cause started out as a simple matter involving a plain meaning interpretation of a statute directly applicable to the facts of this case. The Respondent councilman was convicted of a federal felony offense. R.C. 2961.01 states, in relevant part:
 "A person convicted of a felony under the laws of this or any other state or the United States, unless his conviction is reversed or annulled, is incompetent to be an elector or juror, or to hold an office of honor, trust, or profit. * * * The full pardon of a convict restores the rights and privileges so forfeited under this section * * *.
Since the respondent's conviction was not reversed, annulled or nullified pursuant to a full pardon, the aforementioned statute clearly mandates a conclusion that he could not hold an office of "honor, trust, or profit." Hence, but for an intervening and major change in the facts pending the filing of Petitioner's Complaint in Quo Warranto, this matter would have been decided with great dispatch and minimal taxation of judicial intellect.
However, the aforementioned change in the facts,i.e. the respondent received an order sealing his criminal record pursuant to R.C. 2953.32, substituted confusion for clarity in this matter. R.C. 2953.32 states, in part, as follows:
 "(A) (1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction * * *.
* * *
 (C) (2) If the court determines * * * that the interests of the applicant in having the records pertaining to his conviction * * * are not outweighed by any legitimate governmental needs to maintain such records * * *. The proceedings in the case shall be considered not to have occurred * * *."(Emphasis added).
A comparison of the foregoing statutes necessitates a conclusion that they are not compatible with each other, and appear to set forth two conflicting pronouncements of public policy by the Ohio General Assembly. Moreover, they are easily susceptible to clarification by our legislators and I urge them to set forth with particularity whether Section 2961.01
supercedes Section 2953.32, or vice versa.
Until such an occurrence, we are forced to interpret the intent of the legislature in order to fulfill our judicial function and decide the issue before us on the merits. Ultimately, and since the language in each statute gives rise to two equally persuasive but conflicting interpretations of legislative intent, I am forced to look at the possible motivation of the General Assembly to point me in the direction of my eventual position.
One can reasonably assume that the impetus behind the passage of each of the aforementioned statutes was the protection and/or promotion of the general public welfare. I find two overwhelming factors in the case sub judice which were determinative in arriving at my eventual decision. The first reason, particular to the case at bar, rests upon the fact that the voting public (the object sought to be protected by the legislature) was generally aware of the felony conviction of the Respondent, and they elected the Respondent despite the conviction. The voting public are not mindless drones incapable of making an informed decision. Accordingly, judicial removal of their choice for elective office should be done only with great caution and a clear legislative mandate that the successful candidate is ineligible to hold public office. Absent that clarity, we should not interfere with the electoral process.
Secondly, R.C. 2953.32 is not self-executing. Each court considering whether or not to seal an applicant's record of conviction is required to consider the general public interest since it must, in each case, determine whether the needs of the government outweigh the desire of the individual prior to the issuance of an order to seal a record. Accordingly, the legislative intent or motivation to protect the public interest is preserved since that interest has a forum before the court considering an application to seal the record of a criminal conviction.
Moreover, the legislature could have easily clarified the broad language set forth in R.C. 2953.32 by limiting the scope of the statute by setting forth an exception as they did in R.C. 2953.32 (D) (E) and (G).
Therefore, I must conclude that the issuance of an order to seal the record of a felony conviction and the legislative directive that the offense, once sealed, "shall be considered not to have occurred," negates the prohibition of holding a position of "honor, trust, or profit" as set forth in R.C.2961.01. While I am cognizant that some convicted felons who are denied an application to seal his or her conviction will be barred from holding public office while other felons will not as here, the matter is best left to the legislature to bring consistency to this issue.
 _________________________ JOSEPH J. VUKOVICH, JUDGE